HARRIET ALBEE, Adm'x, etc.

*v.*

WILLIAM H. WACHTER.

1. BILL FOR ACCOUNT—*sufficiency of proof.* On bill by one partner against his copartner for an account, the complainant, during the defendant's lifetime, proved by a third party who had examined the firm books, the amount of the profits and the amount he found due the complainant. This the defendant never attempted to explain or deny, though he had ample time, and after his death his administrator failed to explain or rebut it by testimony. It also appeared that the complainant had no access to the books, which the defense never produced: *Held,* that although the evidence was somewhat unsatisfactory, yet, under the circumstances, it was sufficient *prima facie* to uphold a decree in complainant's favor.

2. EXECUTION — *cannot issue against an estate.* It is error to award an execution against an administrator upon a decree against the estate of his intestate. The decree should require the administrator to pay the sum found to be due, in the due course of administration.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This was a bill in chancery, exhibited by William H. Wachter against Cyrus P. Albee, in his lifetime, to settle a partnership and state an account between the parties. Before the decree the defendant died, and Harriet Albee, his administratrix, was made defendant in his place. From the final decree in the case the administratrix appealed.

Messrs. GARDNER & SCHUYLER, for the appellant.

Mr. E. A. STORRS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was to settle a copartnership. It was filed in 1869. Before the death of Cyrus P. Albee, which occurred on the 25th day of March, 1871, the issues had been made upon the original bill, and answer, and the testimony on the part of the complainant, Wachter, including his own deposition, had been taken. The books of the firm were then under the control of the defendant, Albee, and although the testimony taken tended to show a considerable indebtedness from him to Wachter, he made no effort to explain it by his own testimony, or otherwise. The record, testimony, books, and all the files, were destroyed by fire in October, 1871.

Afterward, upon leave given, the record and pleadings were restored and the cause revived, and the administratrix made a party. The testimony, on the part of complainant, was retaken, but none was offered by appellant. On the final hearing of the cause, the court found, among other things, the net profits of the copartnership from the commencement to the dissolution, amounted to the sum of $5,856.47; that complainant was entitled to one-half that sum, and decreed accordingly.

The principal error assigned is, the evidence is not sufficient to support the finding of the court.

We have examined the evidence preserved in the record, and if we exclude appellee's own testimony, which it is insisted was improperly received, we are still of opinion there is sufficient to sustain the decree of the court.

The witness Russell states he made a thorough examination of the firm books in the lifetime of Albee, and reported to him they showed the net profits of the concern to be $5,856.47. It is true, Albee, in a general way, said that amount was not correct, but how and in what way he did not undertake to explain. It seems very clear, and perhaps it is not controverted, that Albee was indebted to Wachter in some amount, and if the amount stated by Russell as appearing to be due from the books was not correct, it was incumbent on him to offer some explanation. This he did not do, although opportunity was afforded him for that purpose, nor has the administratrix, since his death, undertaken to rebut the *prima facie* case made by the evidence.

When the firm was dissolved, the books in which the accounts were kept were retained by Albee. It was not, therefore, in the power of the complainant to make any accurate statement of the accounts. No one could make such statement but Albee, and he declined to do it. It may be conceded the testimony of the amount due is not altogether satisfactory, but it is the highest grade of evidence that could be procured. If appellee's own testimony is to be disregarded, he could only support his cause by the evidence of strangers to their affairs. This he has done, and however unsatisfactory it may be, neither Albee, in his lifetime, nor his administratrix, since his death, has offered any explanatory evidence.

Were it a question of first impression with us, we should feel constrained to find as the circuit court did, on the evidence contained in the record.

The court inadvertently ordered execution to issue against the administratrix in case of default in payment of the amount found due by a certain day fixed. For this irregularity the decree will be reversed, and a decree rendered in this court for

the amount found due, to be paid by the administratrix out of the effects of the estate which may come to her hands in due course of administration. The appellant, however, will recover costs in this court.

*Decree reversed, and decree in this Court.*